UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIVE VILLAGE OF POINT HOPE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant, <br><br> And <br><br> TECK ALASKA INCORPORATED, et al., <br><br> Intervenor-Defendants | CASE NO. C11-667 MJP <br><br> ORDER GRANTING MOTION TO TRANSFER |

This matter comes before the Court on Intervenor-Defendants' motion to transfer. (Dkt. No. 42.) Having reviewed the motion, Plaintiffs' opposition (Dkt. No. 43), the reply (Dkt. No.

ORDER GRANTING MOTION TO TRANSFER- 1

47), and all related papers, the Court GRANTS the motion. The U.S. Environmental Protection Agency has not taken a position on the matter.

## Analysis

A.  Standard

The parties agree that this matter can be litigated in Alaska. (Dkt. No. 47 at 2.) The Court thus finds this aspect of the venue requirements satisfied. See 28 U.S.C. § 1391(e).

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate. The court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; (5) any local interest in the controversy and contacts with the chosen forum, and (6) the relative court congestion and time to trial in each forum. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). "The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., No. C03-3711 MHP, 2003 WL 22387598, at *4 (N.D. Cal. Oct.14, 2003). The Intervenor-Defendants bear the burden of showing the inconvenience of litigating in this forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

B.  Alaska is the Proper Venue

After considering all of the above factors, the Court finds that this case should be transferred to Alaska.

\\

\\

1. <u>Plaintiff's choice of forum is outweighed by the ties to Alaska</u>

Generally the plaintiff's choice of form is accorded deference and "should rarely be disturbed." <u>Sec. Investor Prot. Corp. v. Vigman</u>, 764 F.2d 1309, 1317 (9th Cir. 1985). However, where the forum has little connection to the action, the Court may accord less deference to the plaintiff's choice of venue. <u>Saleh v. Titan Corp.</u>, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.")

Plaintiffs' choice to litigate this matter in this District is accorded little deference in light of the substantial impact this case will likely have in Alaska and the few connections it has to this District. The Intervenor-Defendants make a strong argument that Alaska has greater ties to this case than Washington or this District's residents. The case involves a challenge to water quality standards of the Red Dog Creek, a creek unique to Alaska. The water quality decision only applies to the Red Dog Creek, and it implicates an Alaska state agency's underlying administrative decision. The Intervenor-Defendants are two Alaska corporations operating on the Red Dog Creek. Against these contacts to Alaska, Plaintiffs identify only two ties to this District. First, the EPA's regional office where the dispute water quality standard was adopted is in Seattle. Second, some of Plaintiffs' constituents reside in Western Washington. However, the numbers are relatively small: fewer than 3 percent of one group's members and 1 percent of the other live in this District.

The Court finds that the ties here clearly favor Alaska as the preferred venue, despite Plaintiffs' choice of forum. The impact of the litigation will be felt primarily in Alaska, while the only significant tie to Seattle is the fact the EPA's decision was made here.

\\

2.   <u>Other factors</u>

The remaining factors do no cut heavily in favor of either side.  First, the Intervenor-Defendants have not identified any factor of convenience that is better served by transfer.  The case will be decided based on an administrative record, making issues of convenience largely irrelevant. Second, the "access to proof" element is similarly moot, as the case will be decided on an administrative record.  Third, the congestion of the court in Alaska is nearly identical to this District's docket.  (Dkt. No. 43 at 11.)  Fourth, there is also nothing suggesting that either court is more or less familiar with the Clean Water Act.

3.   <u>Conclusion</u>

Having considered all of the above factors, the Court finds this matter should be litigated in Alaska.  <u>See</u> <u>Jones</u>, 211 F.3d at 498-99.  The local Alaskan interests far outweigh the Plaintiffs' decision to file suit in this District, whose ties to the matter are attenuated.  Though the remaining factors do not necessarily favor the transfer, they also do not suggest any reason why the matter cannot be efficiently and effectively decided in Alaska.

**Conclusion**

The Court GRANTS Intervenor-Defendants' motion to transfer.  The matter should be litigated in Alaska, whose ties to this action substantially outweigh the Plaintiffs' decision to file suit in this District.  The Court therefore TRANSFERS this case to the United States District Court for the District of Alaska.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of September, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO TRANSFER- 4